IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARANDA HALE, *on behalf of herself and all others similarly situated*, | ) ) ) | Case No. 3:22-cv-2011 |
| Plaintiff, | ) ) | Judge Jack Zouhary |
| v. | ) ) | Magistrate Judge Darrell A. Clay |
| LANDMARK RECOVERY OF OHIO, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Defendants Landmark Recovery of Ohio, LLC ("LRO") and Landmark Recovery of Louisville, LLC ("LRL") (collectively, "Defendants"), by and through counsel, submit their Answer and Defenses to the First Amended Collective and Class Action Complaint (ECF No. 28) filed by Plaintiff Maranda Hale ("Named Plaintiff"), and state as follows:

With respect to the introductory paragraph of Named Plaintiff's Complaint, Defendants admit that Named Plaintiff's First Amended Complaint purports to challenge Defendants' practices and policies as allegedly violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. Defendants deny that their practices and policies are in any way unlawful, deny that they violated the FLSA or the OPPA, and deny all remaining factual allegations in the introductory paragraph of Plaintiff's First Amended Complaint.

## I. JURISDICTION AND VENUE

1. Defendants admit that Named Plaintiff purports to invoke the Court's jurisdiction pursuant to the FLSA, the OPPA, and 28 U.S.C. § 1331. To the extent that Paragraph 1 of the

First Amended Complaint contains any remaining factual allegations, Defendants deny the same.

2.      Defendants admit that Named Plaintiff purports to invoke the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  To the extent that Paragraph 2 of the First Amended Complaint contains any remaining factual allegations, Defendants deny the same.

3.      Defendants deny the allegations contained in Paragraph 3 of the First Amended Complaint.

## II.      PARTIES

### A.      Named Plaintiff

4.      Upon information and belief, Defendants admit the allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Defendants aver that Named Plaintiff was employed by LRO.  Defendants deny the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6.      Defendants aver that Named Plaintiff was an hourly, non-exempt employee of LRO at Praxis of the Firelands in Willard, Ohio.  Defendants deny the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the First Amended Complaint.

8.      ECF No. 1-1 speaks for itself as to its contents, and Defendants therefore deny any further characterization of it.  Further answering, Defendants deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment.  To the extent that Paragraph 8 of the First Amended Complaint contains any remaining factual allegations, Defendants deny the same.

2

### B.    Opt-In Plaintiffs

9.    Defendants aver that the consent forms filed with this Court speak for themselves as to their contents, and Defendants therefore deny any further characterization of them. Defendants further note that numerous individuals have withdrawn their consent to join forms. ECF No. 29.  Further answering, Defendants deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment and deny that any current or former employees of either Defendant who lived or worked outside of Ohio are proper parties to this lawsuit.  To the extent that Paragraph 9 of the First Amended Complaint contains any remaining factual allegations, Defendants deny the same.

### C.    Defendants

10.    Defendants admit that LRO is a foreign limited liability company that conducts business in the Northern District of Ohio.  Defendants deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11.    Defendants admit that LRL is a foreign limited liability company.  Defendants deny the remaining allegations contained in Paragraph 11 of the First Amended Complaint.

12.    Defendants deny the allegations contained in Paragraph 12 of the First Amended Complaint and deny the allegations contained in footnote 1 of the First Amended Complaint, which is referenced in Paragraph 12 of the First Amended Complaint.

13.    Defendants deny the allegations contained in Paragraph 13 of the First Amended Complaint.

14.    Defendants admit that LRL is the parent entity for other LLCs.  Defendants deny the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. Defendants admit that LRL's corporate address is located at 720 Cool Springs Blvd., Suite 500, Franklin, TN 37067. Defendants deny the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the First Amended Complaint. Defendants further aver that the articles referenced in footnote 2 of the First Amended Complaint, which is referenced in Paragraph 17 of the First Amended Complaint, speak for themselves as to their contents, and Defendants therefore deny any further characterization of them.

18. Defendants deny the allegations contained in Paragraph 18 of the First Amended Complaint. Defendants further aver that the article referenced in footnote 3 of the First Amended Complaint, which is referenced in Paragraph 18 of the First Amended Complaint, speaks for itself as to its contents, and Defendants therefore deny any further characterization of it.

19. Defendant admits that LRO employed Named Plaintiff at the Praxis of the Firelands by Landmark Recovery facility in Willard, Ohio. Defendants deny the remaining allegations contained in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the First Amended Complaint.

4

23. Defendants deny the allegations contained in Paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the First Amended Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the First Amended Complaint.

34. Defendants aver that they comply with all applicable laws and deny that their practices and policies are in any way unlawful, deny that they violated the FLSA, the OPPA, or any other wage and overtime laws of the United States and the State of Ohio, and deny all remaining factual allegations contained in Paragraph 34 of the First Amended Complaint.

## III. FACTS

35. Defendants deny the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the First Amended Complaint.

40. Defendants admit that there was an automatic 30-minute deduction for Named Plaintiff. Defendants deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment, and deny any remaining factual allegations contained in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the First Amended Complaint.

6

43. Defendants deny the allegations contained in Paragraph 43 of the First Amended Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the First Amended Complaint as to Named Plaintiff only. Defendants deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment and therefore denies all allegations with respect to any putative class or collective action members. To the extent that Paragraph 44 contains any remaining factual allegations, Defendants deny the same.

45. Defendants admit the allegations contained in Paragraph 45 of the First Amended Complaint as to LRO only. Defendants deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment and therefore denies all allegations with respect to any putative class or collective action members. To the extent that Paragraph 45 contains any remaining factual allegations, Defendants deny the same.

46. Defendants deny the allegations contained in Paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the First Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the First Amended Complaint.

## IV.     FLSA COLLECTIVE ALLEGATIONS

50. Defendants admit that Named Plaintiff purports to bring a collective action as described in Paragraph 50 of the First Amended Complaint, but deny that Named Plaintiff has

7

identified a set of similarly situated persons suitable for class and/or collective treatment, deny that they are liable for any alleged violation of the FLSA, and deny the remaining allegations contained in Paragraph 50 of the First Amended Complaint, including the definition of "direct care employees" contained in footnote 4 of the First Amended Complaint, which is referenced in Paragraph 50 of the First Amended Complaint.

51. Defendants admit that Named Plaintiff purports to bring a collective action as described in Paragraph 51 of the First Amended Complaint, but deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment, deny that they are liable for any alleged violation of the FLSA, and deny the remaining allegations contained in Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the First Amended Complaint.

## V. RULE 23 CLASS ALLEGATIONS

55. Defendants admit that Named Plaintiff purports to bring a class action as described in Paragraph 55 of the First Amended Complaint, but deny that this action is suitable for class treatment, deny that they are liable for any alleged violation of the OPPA, deny that any current or former employees of either Defendant who lived or worked outside of Ohio are proper parties to this lawsuit, and deny the remaining allegations contained in Paragraph 55 of the First Amended Complaint.

8

56. Defendants deny the allegations contained in Paragraph 56 of the First Amended Complaint.

57. Paragraph 57 of the First Amended Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 57 of the First Amended Complaint contains any remaining factual allegations, Defendants deny the same.

58. Defendants deny the allegations contained in Paragraph 58 of the First Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the First Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the First Amended Complaint.

61. Defendants deny that this action is suitable for class treatment and denies that they are liable for any alleged violation of the OPPA. Defendants admit that Plaintiff has retained competent and experienced class action counsel. Defendants deny the remaining allegations contained in Paragraph 61 of the First Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the First Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the First Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the First Amended Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the First Amended Complaint.

9

66. Defendants deny the allegations contained in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the First Amended Complaint.

## VI.     CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

68. Defendants incorporate by reference their responses to the preceding paragraphs of the First Amended Complaint.

69. Defendants admit that Named Plaintiff purports to bring a collective action as described in Paragraph 69 of the First Amended Complaint, but deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment, deny that they are liable for any alleged violation of the FLSA, and deny the remaining allegations in Paragraph 69 of the First Amended Complaint.

70. Paragraph 70 of the First Amended Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 70 of the First Amended Complaint contains any remaining factual allegations, Defendants deny the same with respect to all of Defendants' employees.

71. Defendants deny the allegations contained in Paragraph 71 of the First Amended Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the First Amended Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the First Amended Complaint.

10

74. Defendants deny the allegations contained in Paragraph 74 of the First Amended Complaint.

75. Defendants admit that Named Plaintiff is not considered an exempt employee under the FLSA. Further answering, Defendants deny that Named Plaintiff has identified a set of similarly situated persons suitable for class and/or collective treatment, and deny any remaining factual allegations contained in Paragraph 75 of the First Amended Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the First Amended Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the First Amended Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the First Amended Complaint.

**COUNT II**
**O.R.C. § 4111.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

79. Defendants incorporate by reference their responses to the preceding paragraphs of the First Amended Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the First Amended Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the First Amended Complaint.

82. Paragraph 82 of the First Amended Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 82 contains any remaining factual allegations or implies that Defendants violated the OPPA in any way, Defendants deny the same.

11

83. Defendants deny the allegations contained in Paragraph 83 of the First Amended Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the First Amended Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the First Amended Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the First Amended Complaint.

## VII. PRAYER FOR RELIEF

87. Defendants deny the allegations contained in the "WHEREFORE" paragraph of the First Amended Complaint, and specifically deny that Named Plaintiff is entitled to any of the relief sought.

88. Defendants deny each and every allegation contained in Named Plaintiff's First Amended Complaint unless specifically admitted herein, including any factual allegations contained in the headings of the First Amended Complaint.

## JURY DEMAND

Defendants aver that Named Plaintiff seeks a trial by jury but deny that there are any issues so triable and specifically deny that Named Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following defenses, without prejudice to their right to argue that Named Plaintiff bears the burden of proof as to any or all of these defenses.

12

## FIRST DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred to the extent that the First Amended Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred, in whole or in part, to the extent that such persons' claims are brought outside the applicable limitations periods.

## THIRD DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred, in whole or in part, by the doctrine of payment.

## FOURTH DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and in reliance upon, rulings, administrative regulations, and interpretations, orders, opinions, practices, or enforcement policies of the Department of Labor, including but not limited to, within the meaning of 29 U.S.C. § 259.

## FIFTH DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred by the equitable doctrines of estoppel and unclean hands.

13

## SIXTH DEFENSE

Named Plaintiff's class and collective action claims are barred to the extent that Named Plaintiff lacks standing to bring the proposed collective action under the FLSA or the proposed class action under the OPPA.

## SEVENTH DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred in whole or in part by virtue of the fact that Defendants took and takes reasonable steps to ensure that their employees were and are paid properly.

## EIGHTH DEFENSE

Named Plaintiff's class and collective action claims are barred to the extent that Named Plaintiff is not similarly situated to the purported class and collective action members Named Plaintiff seeks to represent.

## NINTH DEFENSE

Named Plaintiff's claims for liquidated damages and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred because Defendants acted reasonably and in good faith at all times and had reasonable grounds for believing that they complied fully with applicable law, in accordance with 29 U.S.C. § 260.

## TENTH DEFENSE

Named Plaintiff's attempt to proceed as a class and/or collective action has no basis in law or fact and Defendants should be awarded their fees and costs in defending against any attempt to proceed in this manner.

14

**ELEVENTH DEFENSE**

Named Plaintiff cannot establish that any acts or omissions of Defendants were willful violations under the law.

**TWELFTH DEFENSE**

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred to the extent that they seek compensation for time that does not constitute compensable working time within the meaning of the FLSA and/or the OPPA.

**THIRTEENTH DEFENSE**

If Named Plaintiff or any current or former employees alleged to be similarly situated to Named Plaintiff were not compensated for any hours worked, which Defendants deny, then such hours were worked without notice to Defendants, and were worked in violation of Defendants' policies and without the knowledge and sufferance of Defendants.

**FOURTEENTH DEFENSE**

Named Plaintiff cannot maintain this action as a class and/or collective action because no common questions of fact or law exist.

**FIFTEENTH DEFENSE**

Even if Named Plaintiff's allegations are true, to the extent that the time for which Named Plaintiff alleges that Named Plaintiff and any other person on whose behalf Named Plaintiff seeks to assert a claim was not compensated, such time was insubstantial or insignificant, and these periods of time are *de minimis* and are not compensable under the FLSA or the OPPA.

**SIXTEENTH DEFENSE**

Named Plaintiff cannot establish the requirements under the FLSA for a collective action.

15

## SEVENTEENTH DEFENSE

To the extent that Named Plaintiff or any current or former employees alleged to be similarly situated to Named Plaintiff were not compensated for compensable working time, they were not compensated for this time as a direct result of their failure to follow Defendants' reasonable procedures for reporting time worked, pursuant to *White v. Baptist Memorial Hospital*, 699 F.3d 869 (6th Cir. 2012), and similar cases.

## EIGHTEENTH DEFENSE

Named Plaintiff's claims are barred either in whole or in part due to accord and satisfaction.

## NINETEENTH DEFENSE

To the extent that Named Plaintiff or any current or former employees alleged to be similarly situated to Named Plaintiff received any overpayments during their employment with Defendants, any recovery in this matter is subject to a set-off for those overpayments.

## TWENTIETH DEFENSE

Named Plaintiff and any current or former employees alleged to be similarly situated to Named Plaintiff are not entitled to prejudgment interest.

## TWENTY-FIRST DEFENSE

Named Plaintiff's claims and those of any current or former employees alleged to be similarly situated to Named Plaintiff are barred, in whole or in part, because Defendants' timekeeping and pay policies were lawful.

## TWENTY-SECOND DEFENSE

Neither Named Plaintiff nor any putative class members can recover overtime wages in weeks in which they did not work more than forty (40) hours.

## TWENTY-THIRD DEFENSE

Named Plaintiff's claims and the claims of any putative class members for unpaid work time during bona fide meal periods under the FLSA and state wage and hour law are precluded by the "predominant benefit" test. Because the employees are the predominant beneficiaries of the meal periods, even if employees perform some compensable work during an otherwise bona fide meal period, the entire break remains non-compensable. *Hill v. United States*, 751 F.2d 810 (6th Cir. 1984).

## TWENTY-FOURTH DEFENSE

Defendants are not joint employers of Named Plaintiff.

## TWENTY-FIFTH DEFENSE

The claims of any opt-ins and/or putative class and/or collective members outside of the State of Ohio should be stricken for lack of personal jurisdiction.

## TWENTY-SIXTH DEFENSE

Defendants object to venue in the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). The balance of the venue factors under Section 1404(a) favor venue in the Middle District of Tennessee – Nashville Division.

## TWENTY-SEVENTH DEFENSE

Defendants reserve the right to assert such other defenses under federal or Ohio law as may arise during the course of this litigation.

WHEREFORE, having fully answered the First Amended Complaint, Defendants pray for judgment as follows:

1. That Named Plaintiff and the potential members of the putative collective and class Named Plaintiff purportedly seeks to represent take nothing by virtue of this action;

17

2.   That judgment be entered in favor of Defendants and against Named Plaintiff;

3.   That Defendants be awarded the costs of suit herein; and

4.   That Defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**Jackson Lewis P.C.**

*/s/ Allison Gluvna Folk*
Allison Gluvna Folk (0098635)
Ashton P. Hoffman (admitted *pro hac vice*)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, OH 44131
(216) 750-0404 (phone)
(216) 750-0826 (fax)
Allison.Folk@jacksonlewis.com
Ashton.Hoffman@jacksonlewis.com

*Counsel for Defendants Landmark Recovery of Ohio, LLC, and Landmark Recovery of Louisville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2023, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Allison Gluvna Folk*
Allison Gluvna Folk